## ROSS v. McCARTHY.

(Supreme Court, Appellate Division, Third Department. May 5, 1915.)

1. APPEAL AND ERROR &1050—EVIDENCE &183—BEST AND SECONDARY—CONTENTS OF TELEGRAMS.

In an action to recover money, which plaintiff claimed he loaned defendant, in which defendant claimed that the loan was made to a third party, and that the money was sent to her to apply on an indebtedness due her from such third party, it was clearly erroneous and very harmful to defendant to permit plaintiff to testify concerning the contents of a telegram, which he claimed to have received from defendant, asking him to send her such money; there being no claim that the telegram had been lost or destroyed, or that it was not in fact in plaintiff's possession.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. &1050; Evidence, Cent. Dig. §§ 605–637; Dec. Dig. &183.]

2. APPEAL AND ERROR &1177—REVERSAL—NEW TRIAL—MISUNDERSTANDING OF ISSUES.

Where the testimony sought to be introduced, and the court's rulings and remarks, indicated that a clear understanding of the issues did not exist until the trial had well progressed, and it appeared that this misunderstanding was prejudicial to defendant, a judgment against defendant should be reversed, and a new trial should be granted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. &1177.]

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Trial Term, St. Lawrence County.

Action by Milan H. Ross, as administrator of William H. Wilder, deceased, against Margaret McCarthy. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, made upon all the grounds stated in Code Civ. Proc. § 999, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

W. J. Saunders, of Dickinson Center, for appellant.

George H. Bowers, of Canton (Ledyard P. Hale, of Albany, of counsel), for respondent.

LYON, J. There are two causes of action stated in the complaint. The first is upon a note of $16, made in November, 1903, ten years before the commencement of the action, payable to one Bucklin or bearer, one day after date with use, which note plaintiff claims to have taken of Bucklin at the time of its execution, crediting him therefor on his store bill, and to have transferred to himself as administrator of the Wilder estate, just prior to bringing this action in December, 1913. The plaintiff claims that $1 was paid upon the note in September, 1909, saving it from the operation of the statute of limitations. This the defendant denies.

The second cause of action is upon an alleged loan of $100 by plaintiff as such administrator to defendant in February, 1910, for which the plaintiff took no written obligation. The defendant denies borrowing the money, and claims that the loan was in fact made by the plaintiff to Mrs. Pharisee to enable her to pay the defendant $100 upon the mortgage which the defendant held upon Mrs. Pharisee's property, which property was formerly owned by the plaintiff, and upon which he then held the first mortgage.

The jury found in favor of the plaintiff for the full amount demanded, and from the judgment entered thereon, and the denial of defendant's motion for a new trial upon the minutes, this appeal has been taken.

Regarding the loan of $100, the plaintiff's testimony is that about January 1, 1910, at his store, the defendant stated that she was staying with a sick daughter at Auburn, N. Y., and wanted to know if the plaintiff could send her some money in case the girl were taken worse, which the plaintiff told her he would do, if he had it; that on the 8th day of February, 1910, he received a telegram from the defendant, saying "that the girl was just alive and wanted me to send—asked me if I could send—her $100. I immediately replied that I would send the $100 by return mail, which I did;" that he sent her a check of the Wilder estate payable to her order.

[1] Objection was seasonably made to plaintiff's testifying to the contents of telegram, as not the best evidence. The objection was overruled, to which the defendant excepted. The defendant testified that she sent no telegram to the plaintiff asking for the money, but that the plaintiff sent a check to her, without even writing her, and that it was sent pursuant to the understanding between the plaintiff, the defendant,

and Mrs. Pharisee, as loaned by the plaintiff to Mrs. Pharisee, to be applied by defendant as a payment upon the mortgage held by the defendant against Mrs. Pharisee. The reception of the testimony as to the contents of telegram, in absence even of the claim that the telegram had been lost or destroyed, or was not in fact at the time in the possession of the plaintiff, was clearly erroneous, and in my judgment very harmful to the defendant. It strongly tended to support the plaintiff's contention that the loan was made by him to the defendant, and not to Mrs. Pharisee, and this was the crucial question in the case.

The defendant also took objection and exception to the testimony of the plaintiff that the check was afterward paid through the bank, upon the ground that such testimony was not the best evidence, and that the check itself showed what the fact was. The plaintiff did not at any time produce the check.

The court also excluded the testimony, offered by the defendant, to the effect that the plaintiff was credited with the Ida Pharisee milk at the factory, confirmatory of defendant's claim that the money was loaned to Mrs. Pharisee, and, in connection with the question as to whether he told defendant that he could get his pay from the milk, as proving that plaintiff had received the whole or a portion of the $100 therefrom.

In the charge the court commented upon the absence as a witness of Mrs. Pharisee, who was the sister-in-law of the defendant, and at the close of the charge plaintiff's attorney requested:

"I ask your honor to charge the jury that it has the right to assume, from the absence of Mrs. Pharisee, that if she were present she would give testimony adverse to the defendant.

"The Court: I so charge."

To which the defendant excepted.

I think that the correctness of this ruling is very questionable. The court's statement was certainly prejudicial. It appears from the evidence that Mrs. Pharisee was subpœnaed by defendant as a witness, and was in court the preceding Monday, and that she was given an attendance fee of 50 cents, and that, while she said she could not come back, this defendant thought she was compelled to come back. Very likely Mrs. Pharisee was not particularly friendly to the defendant, who had foreclosed the mortgage against her, and was not anxious to relieve the defendant of liability for the payment of the $100, especially by testifying that the witness herself was liable for its payment.

[2] It is evident, from the testimony sought to be introduced by the attorneys, and from the rulings and remarks of the court upon the trial, that a clear understanding of the issues did not exist until the trial had well progressed, which upon the whole we think was prejudicial to the defendant. The claims of each party are now understood, and a retrial will probably result in an intelligent and just verdict.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.